# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| ANDREW B. AAMES, | ) |
| Plaintiff, | ) |
| v. | ) No. 16-00255-CV-W-FJG |
| UNITED STATES OF AMERICA, ET AL., | ) |
| Defendant. | ) |

## ORDER

Currently pending before the Court is Defendant Jackson County, Missouri's Motion to Dismiss (Doc. # 4); the United States' Motion to Dismiss (Doc. # 14); plaintiff's Motion for Default Judgment against State of Missouri (Doc. # 19); State of Missouri's Motion for Leave to File Responsive Pleading Out of Time (Doc. # 24) and plaintiff's Motion for Order of Default (Doc. # 27).

## I. BACKGROUND

On March 23, 2016, plaintiff filed a Complaint against the United States of America, the State of Missouri, Jackson County, Missouri and unnamed John Does 1 to 99. In his Complaint, plaintiff states that jurisdiction is based on a federal question – whether "specific sex-offender-related county ordinances are pre-empted by Federal law." (Doc. # 1). Plaintiff also alleges that the Court has ancillary and pendant jurisdiction to decide whether the Jackson County ordinances are preempted by Missouri state law. Plaintiff is also asserting a 42 U.S.C. § 1983 claim, alleging that his "continuing, lifelong, sex-offender registration requirements, as applied, are cruel, degrading, and unusual." Plaintiff describes the actual dispute as follows:

> Plaintiff Aames was convicted in 2008 of a sex-offense in California. Since that time, he has been required to register as a 'sex-offender.' In November of 2014, he attempted to update his registration here in Jackson County, Missouri. He appeared on four consecutive days, but was sent away each time, allegedly to obtain further information, or documented proof of 'online identifiers.' . . .On or about February 2, 2015, plaintiff was cited and charged with violating the two above-mentioned Jackson County local ordinances. One for failing to register in his birth month, the other for failing to obey an officer. He had an initial court date set for April first, last year, in Independence, Missouri. New charges were filed against Aames on or about March tenth, 2016, for alleged registration-related insufficiencies. He faces fines of up to two-thousand dollars, and incarceration of up to two years, under the county ordinances, or perhaps, more serious penalties, which are completely out-of-proportion to logical penalties for his original offer of a kiss to a fifteen year-old gal.

(Plaintiff's Complaint, pp. 6-7). Plaintiff then requests the following relief be granted by the Court: 1) declare the two Jackson County ordinances be stricken and declared illegal, void and contrary to law; 2) grant plaintiff relief from Mo.Rev.Stat. § 589.400, the Missouri sex-offender registration requirements; 3) declare that SORNA is unconstitutional because it is enacted in violation of the Tenth Amendment to the Constitution; 4) declare that Adam Walsh Child Protection and Safety Act, Megan's Law, Pam Lychner Sexual Offender Tracking Law and the Campus Crimes Prevention Act are unconstitutional; 5) declare the Missouri sex offender registration statutes vague, ambiguous, overbroad, burdensome, waste of time/money, unconstitutional, against public policy, violative of due process rights, equal protection rights and cruel and unusual punishment; 6) declare that the Missouri sex offender registration statutes violate the separation of powers clause and unduly infringe on the rights of the judiciary to determine outcomes of criminal cases; 7) declare that the federal sex-offender registration statutes violate the separation of powers clause and unduly infringe on the rights of the judiciary to determine outcomes of criminal cases; 8) declare that the

Jackson County sex-offender related statutes are preempted by state law and 9) declare that the Jackson County sex offender registration statutes are vague, ambiguous, overbroad, burdensome, waste of time/money, unconstitutional, against public policy, violate due process rights, equal protection and constitute cruel and unusual punishment.

In addition to his challenges to the sex offender laws, plaintiff is also seeking relief related to election laws. Plaintiff is seeking a declaration that if Senator Ted Cruz, Bernie Sanders or Ben Carson seek to place themselves on the November presidential ballot, that they must be listed by their legal names. Additionally, plaintiff is seeking a declaration that Ted Cruz is a natural born Cuban citizen.

## II.     STANDARD

To survive a motion to dismiss under 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662,129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A pleading that merely pleads "labels and conclusions" or a "formulaic recitation" of the elements of a cause of action, or "naked assertions" devoid of "further factual enhancement" will not suffice. Id. (quoting Twombly). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Under Fed. R. Civ. P. 12(b)(6) we must accept the plaintiff's factual allegations as true and grant all reasonable inferences in the plaintiff's favor. Phipps v. FDIC, 417 F.3d 1006, 1010 (8th Cir. 2005).

3

In Driesen v. Smith, No. C13-4037-MWB, 2014 WL 24234 (N.D.Iowa Jan. 2, 2014), aff'd, 584 Fed.Appx. 292 (8th Cir. 2014), the Court explained the standards for Fed.R.Civ.P. 12(b)(1).

> A motion attacking the court's subject matter jurisdiction is governed by Federal Rule Civil Procedure 12(b)(1). A Rule 12(b)(1) motion can either attack the complaint's claim of jurisdiction on its face or it can attack the factual basis for jurisdiction. . . . In a facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction. . . . If the [defendant] wants to make a factual attack on the jurisdictional allegations of the complaint, the court may receive competent evidence such as affidavits, deposition testimony, and the like in order to determine the factual dispute.

Id. at * 6 (internal citations omitted).

### III.  DISCUSSION

#### A. Sex Offender Registration Laws

In 2006, Congress enacted the Sex Offender Registration and Notification Act ("SORNA"), as part of the Adam Walsh Child Protection and Safety Act., Pub.L. 109-248, Tit. I, 120 Stat. 590. Doe v. Keathley, 344 S.W.3d 759, 762 (Mo.App. 2011).

> SORNA requires sex offenders to "register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student." 42 U.S.C.§ 16913(a). Individuals subject to SORNA's registration requirements are identified in 42 U.S.C. § 16911(1), which provides that "[t]he term 'sex offender' means an individual who was convicted of a sex offense." A sex offense is defined as "a criminal offense that has an element involving a sexual act or sexual contact with another," 42 U.S.C. § 16911(5)(A)(i), or "a criminal offense that is a specified offense against a minor." 42 U.S.C.§ 16911(5)(A)(ii). A "specified offense against a minor includes "criminal sexual conduct involving a minor," 42 U.S.C.§ 16911(7)(H), and "*any* conduct that by its nature is a sex offense against a minor." 42 U.S.C. § 16911(7)(I)(emphasis added).

James v. Missouri State Highway Patrol, 505 S.W.3d 378, 381 (Mo.App. 2016). In enacting SORNA, Congress instructed states to pass legislation establishing their own

sex offender registration systems and requiring sex offenders to register. Missouri's Sex Offender Registration Act is known as "SORA." This statute was originally enacted in 1994 and was later amended in 2006. Mo.Rev.Stat. § 589.400.1(7) provides that any person required to register under federal law, i.e., SORNA, must also register with the chief law officers of their county of residence in Missouri. Keeney v. Fitch, 458 S.W.3d 838, 842 (Mo.App. 2015). In Horton v. State, 462 S.W.3d 770 (Mo.App. 2015), the Court stated:

> The interplay between the federal registration requirements pursuant to SORNA and Missouri's registration requirements pursuant to SORA has been well-documented. . . .SORA requires a Missouri resident to register as a sex offender if he or she "has been or is required to register under . . .federal . . .law. . ." Section 589.400.1(7). SORNA provides "a sex offender shall register. . .in each jurisdiction where the offender resides." 42 U.S.C. Section 16913(a).

Id. at 774.

### B. Plaintiff's Status

Plaintiff states in his Complaint that in 2008, he was convicted of a sex-offense in California and since that time has been required to register as a sex offender. The Government attached as an exhibit to its Motion to Dismiss, documents relating to plaintiff's California Bar disciplinary proceedings[1]. In ruling on a Motion to Dismiss, "[m]aterials attached to the complaint as exhibits may be considered in construing the sufficiency of the complaint." Droney v. Fitch, No. 4:10-CV-114CAS, 2011 WL 890704 at *2, (E.D.Mo. Mar. 14, 2011), aff'd., 423 Fed.Appx. 669 (8th Cir. 2011). Although

---

[1] Plaintiff states in the Complaint, that he is a member of the California bar. The Government attached as an exhibit to its Motion to Dismiss documents reflecting that Aames stipulated to misconduct warranting discipline. As a result, he was suspended for two years, stayed, placed on three years of probation with a 15 month actual suspension and was ordered to take the MPRE and comply with Rule 9.20 of the California Rules of Court.

5

matters outside the pleading may not be considered in deciding a Rule 12 motion, documents embraced by the complaint are not considered matters outside the pleading. See Ashanti v. City of Golden Valley, 666 F.3d 1148, 1150-51 (8th Cir. 2012). "Documents necessarily embraced by the pleadings include those documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." Id. at 1151(internal citations and quotations omitted).

The California State Bar proceedings included in the Government's exhibit contained the following stipulation regarding plaintiff's conviction:

> On September 9, 2008, Respondent, at the age of 53, visited a neighbor's garage sale at their invitation and spent some time speaking to his neighbor's daughter, then-aged 15 years old, who appeared to him to be age 18. Before parting ways and returning home, Respondent held the 15-year old girl by the waist and leaned in to kiss her on the cheek, but she managed to step away before Respondent actually made contact with her face. Respondent was charged and convicted with one count of annoying or molesting a child under the age of 18 in violation of Penal Code section 647.6, subdivision (a)(1). A jury found Respondent guilty on the sole count, and a trial court placed Respondent on probation for three years including 120 days in County jail. A violation of Penal Code section 647.6(a) (Annoy/Molest Child Under the Age of 18 Years), a misdemeanor.

(Doc. # 14-1, p.7).

In his Complaint, plaintiff alleges that in November 2014, he attempted to update his registration in Jackson County, Missouri, but was sent away to obtain additional information. He also alleges that in February 2015, he was cited and charged with violating the Jackson County ordinances that require him to register as a sex offender and also for failing to obey an officer. He states that new charges were filed in March 2016 for registration related insufficiencies. However, plaintiff has provided no further

6

details regarding these charges or their disposition.  The Court takes judicial notice of the fact that pursuant to a search conducted through the Missouri State Highway Patrol's Sex Offender Registry, the plaintiff is listed as compliant with his registration requirements.[2]  See Fed.R.Evid. 201(b), (c), and (f).  The statute defines "compliant" to mean that the offender is registering as required.

### C. Standing

The parties have not addressed whether plaintiff has standing to assert his claims, but the Court is under an obligation to assure itself that subject matter jurisdiction exists. See Arbaugh v. Y & H Corp., 546 U.S. 500, 514, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006).  The Court in Niang v. Carroll, No. 4:14CV1100JMB, 2016 WL 5076170 (E.D.Mo. Sept. 20, 2016) explained:

> This independent obligation to ensure justiciability arises because the federal courts are tribunals of limited jurisdiction. See Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375,377 (1994). For instance, Article III of the Constitution limits the jurisdiction of federal courts to "Cases" and "Controversies." See U.S.Cont., Art. III, § 2. The standing doctrine gives meaning to this limitation by identifying those disputes which are appropriately resolved through the judicial process. Lujan v. Defenders of Wildlife, 504 U.S. 555,560 (1992). To establish Article III standing, a plaintiff must show: (1) an injury in fact; (2) a sufficient causal connection between the injury and the conduct complained of; and (3) a likelihood that the injury will be redressed by a favorable decision. Id. at 560-61.

Id. at *8.

In the instant case, plaintiff alleged that on February 2, 2015, he was cited and charged with violating two Jackson County ordinances and that on March 10, 2016, new registration related insufficiency charges were filed. He states that he faces fines of up to $2,000 and incarceration of up to two years. Plaintiff provides no further details as to

---

[2] The search was conducted at http://www.mshp.dps.missouri.gov on March 16, 2017.

the disposition or current status of these charges. However, even if these charges have been disposed of, the Court finds that because there is a potential for future injury, plaintiff has standing to pursue his claim. In <u>Whitner v. City of Pagedale</u>, No. 4:15CV1655RWS, 2016 WL 915303 (E.D.Mo. Mar. 10, 2016), the court stated:

> "An 'injury-in-fact' is 'an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical.'" [<u>ABF Freight Sys., Inc. v. Int'l Bhd. Of Teamsters</u>], 654 F.3d at 959 (quoting <u>Lujan</u>, 504 U.S. at 560). "In assessing whether the plaintiff has alleged a sufficiently particularized and concrete injury, the court must accept all factual allegations in the complaint as true and draw all inferences in the plaintiff's favor." <u>Young Am. Corp. v. Affiliated Computer Servs. (ACS), Inc.</u>, 424 F.3d 840, 843 (8th Cir.2005).

<u>Id</u>. at *4. In <u>Whitner</u>, the plaintiff alleged that she had received a building inspection report which threatened her with a summons or fines as the deadline for bringing her home into compliance had elapsed. Additionally, the City had given no indication that it would not proceed with its enforcement of the building code provisions. The Court found that while plaintiff had to allege a threat of injury that is both "real and immediate, she 'does not have to await the consummation of threatened injury to obtain preventive relief.'" <u>Id</u>. (quoting <u>Smith v. Ark. Dep't. of Correction</u>, 103 F.3d 637, 643 (8th Cir. 1996)). In the instant case, the Court finds that although there is some uncertainly regarding the status of plaintiff's charges, if he were to fail to register under the sex offender statues and ordinances, he would suffer a concrete injury, because he would be subject to fines and imprisonment. Having determined that plaintiff has standing, the Court will now address the merits of plaintiff's claims.

### D. Declaratory Judgment Act

Plaintiff titled his Complaint as one for Declaratory Relief filed pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. "The Declaratory Judgment Act allows a

8

Case 4:16-cv-00255-FJG   Document 30   Filed 03/17/17   Page 8 of 14

court to 'declare the rights and other legal relations of any interested party seeking such declaration' if presented 'a case of actual controversy within its jurisdiction'. . . ." Id. "[T]he phrase 'case of actual controversy' in the Act refers to the type of 'Cases' and 'Controversies' that are justiciable under Article III." Medimmune, Inc. v. Genentech, Inc., 549 U.S. 118,127, 127 S.Ct. 764, 166 L.Ed.2d 604 (2007). It should also be noted that "The Declaratory Judgment Act is procedural; it does not expand federal court jurisdiction." Bacon v. Neer, 631 F.3d 875, 880 (8th Cir. 2011). Plaintiff did not separate his Complaint into individual counts, nor did he assert any particular claim against any of the specific defendants. However, plaintiff's allegations can broadly be grouped as follows: 1) Challenges to SORNA; 2) Challenges to Missouri SORA; 3) Challenges to Jackson County ordinances.

**1. Constitutional Challenges to SORNA**

Plaintiff seeks a declaration that SORNA is unconstitutional because it was enacted in violation of the Tenth Amendment. Plaintiff also seeks a declaration that various other statutes related to sex offenders are also unconstitutional for the same reason. Plaintiff also alleges that the federal sex offender registration statutes violate the separation of powers clause and unduly infringe on the rights of the judiciary branch to determine the outcome of criminal cases.

With regard to the constitutionality of SORNA, courts have consistently rejected claims arguing that SORNA is unconstitutional under the Tenth Amendment. United States v. Smith, 655 F.3d 839, 848 (8th Cir. 2011), cert. granted, judgment vacated, 132 S.Ct. 2712 (2012), opinion reinstated in part, 504 Fed.Appx. 519 (8th Cir. 2012).[3] See

---

[3] The initial opinion in this case was vacated with instructions to reconsider in light of

also U.S. v. Neel, 641 Fed.Appx. 782, 793 (10th Cir.), cert.denied, 136 S.Ct. 2421(2016)("Our position accords with that of every other circuit to have addressed the issue."). U.S. v. White, 782 F.3d 1118, 1128 (10th Cir.2015)("We join all of the federal circuits to have considered this issue in holding that SORNA does not violate the Tenth Amendment.").

Plaintiff also argues that SONRA violates the nondelegation doctrine. In U.S. v. Kuehl, 706 F.3d 917 (8th Cir. 2013), the court stated:

> The nondelegation doctrine is rooted in the principle of separation of powers. It is derived from Article I, section I of the United States Constitution: "All legislative Powers herein granted shall be vested in a Congress of the United States. . . ." U.S. Const. art. I, §1. . . .However, not all delegations of legislative authority are prohibited. "So long as Congress 'shall lay down by legislative act an intelligible principle to which the person or body authorized to [exercise the delegated authority] is directed to conform, such legislative action is not a forbidden delegation of legislative power.'" Mistretta v. United States, 488 U.S. 361, 372, 109 S.Ct.647, 102 L.Ed.2d 714 (1989)(quoting J.W. Hampton, Jr.,& Co. v. United States, 276 U.S. 394, 409, 48 S.Ct. 348, 72 L.Ed. 624 (1928)). . . . We conclude that SORNA provides the Attorney General with an intelligible principle, and is a valid delegation of legislative authority.

Id. at 919-20. See also U.S. v. Manning, 786 F.3d 684, 685 (8th Cir.) cert.denied, 136 S.Ct. 278 (2015)(Noting that this argument was rejected by Kuehl and all other circuits that have considered the issue).

Aames also argues that SORNA violates numerous other provisions of the Constitution, however, he provides neither an explanation nor a discussion of how these statutes violate such provisions. As noted above, a pleading that merely pleads "labels and conclusions" or a "formulaic recitation" of the elements of a cause of action, or

---

Reynolds v. United States, 132 S.Ct. 975, 181 L.Ed.2d 935 (2012). On remand, the Eighth Circuit held Reynolds did not affect its Tenth Amendment analysis and that portion of the opinion was reinstated.

10

"naked assertions" devoid of "further factual enhancement" will not suffice.

Plaintiff also makes a passing reference in his Complaint that jurisdiction is based on 42 U.S.C. § 1983. Plaintiff alleges that his "continuing, lifelong sex offender registration requirements, as applied, are cruel, degrading and unusual." He also states that "[i]t is wholly arbitrary that sex offenders such as plaintiff are required to comply with burdensome registration requirements, residency restrictions, restrictions of movement, restrictions of employment, and like." (Plaintiff's Complaint, pp. 5-6). "To state a claim under §1983, a plaintiff must prove the (1) violation of a constitutional right, (2) committed by a state actor, (3) who acted with the requisite culpability and causation to violate the constitutional right." Estate of Schwartz v. Assisted Recovery Centers of America, LLC, No. 4:16CV673JMB, 2017 WL 840542, *5 (E.D.Mo. Mar. 3, 2017). The Court finds that plaintiff cannot state a §1983 claim because SORNA's registration scheme has been held to be non-punitive, so it cannot constitute cruel and unusual punishment under the Eighth Amendment. Rideout v. Holder, No. 1:09CV82LMB, 2009 WL 2982899, *2 (E.D.Mo. Sept. 14, 2009). Additionally, "[t]o be cognizable under §1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights." Thompson v. Dotson, No. 4:17-CV-785CAS, 2017 WL 769910, *3 (E.D.Mo. Feb. 28, 2017) (quoting Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985)). In the instant case, plaintiff has failed to allege that any person took any actions that deprived him of his constitutional rights. As such, the Court finds that plaintiff has failed to show that SORNA is unconstitutional or violates any of his constitutional rights. Accordingly, the Court hereby **GRANTS** defendants' Motions to Dismiss plaintiff's federal claims.

### 2. Challenges to Missouri SORA statute & Jackson County Ordinances

Plaintiff asks that the Court exercise its ancillary/pendent jurisdiction to grant him relief under Mo.Rev.Stat.§589.400(7) and (8) to relieve him from the Missouri sex-offender registration statutes. "When a district court dismisses federal claims over which it has original jurisdiction, the balance of interests usually 'will point toward declining to exercise jurisdiction over the remaining state law claims.'" In re Canadian Import Antitrust Litig., 470 F.3d 785, 792 (8th Cir. 2006)(quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988)). Accordingly, because the Court has determined that plaintiff has failed to state any federal claims, the Court will dismiss plaintiff's state law claims. "Congress unambiguously gave district courts discretion in 28 U.S.C. § 1367(c) to dismiss supplemental state law claims when all federal claims have been dismissed." Gibson v. Weber, 433 F.3d 642, 647 (8th Cir.2006). Additionally, the Court finds that the Missouri statutes provide a means for individuals to file petitions and have their names removed from the registry in certain specified instances. Any determinations related to petitions for removal are more appropriately filed in state court. See Mo.Rev.Stat. §589.400.

### E. Election Claims

Additionally, in his petition, plaintiff also requests that the Court declare that if Ted Cruz or Bernie Sanders or Ben Carson seek to place themselves or have themselves placed on the November Presidential or Vice-Presidential ballot, that they must be listed by their legal names and not by their nicknames. Plaintiff also seeks a declaration that Ted Cruz is a natural born Cuban citizen or alternatively a declaration that he is a natural born Canadian citizen. Plaintiff states that he believes that he is a registered

Missouri voter, but even if he is not, his requests for election related declaratory relief can be viewed as the requests of a "private attorney general."

In Schwartz v. Cruz, 179 F.Supp.3d 743 (S.D.Tex. 2016), the plaintiff asked the Court to declare that United States Senator Ted Cruz, was ineligible to serve as President of the United States because he was born in Canada and is not a natural born citizen. The Court found that plaintiff had not and could not satisfy the injury in fact element of standing. The Court noted that four other federal courts have recently dealt with declaratory judgment actions or requests for injunctive relief relating to Cruz's alleged ineligibility to run for President. The Court in Schwartz noted that in each instance, the cases were dismissed for lack of standing. Similarly, in this instance, the Court finds that plaintiff lacks standing to assert this claim. As the Court in Schwartz noted, "it is well settled that this type of general harm is not a cognizable interest for purposes of Article III Standing." Id. at 748 (quoting Schlesinger v. Reservists Comm. To Stop the War, 418 U.S. 208, 220, 94 S.Ct. 2925, 41 L.Ed.2d 706 (1974)).

Secondly, plaintiff asks that the Court declare that if Presidential candidates Ted Cruz, Bernie Sanders and Ben Carson seek to place or have themselves placed on the November presidential ballot, that they be listed by their legal names and not by their nicknames. As with plaintiff's previous challenge, the court finds that plaintiff lacks standing to assert a claim based on a candidate's use of a nickname as opposed to their legal name. "[S]everal courts have held that an individual citizen does not have standing to challenge a candidate's eligibility to serve as president." Schwartz, Id. at 747. The Court finds that this logic would also apply to bar any challenges to a candidates' name on the ballot.

13

Case 4:16-cv-00255-FJG   Document 30   Filed 03/17/17   Page 13 of 14

## IV. CONCLUSION

Accordingly, for the reasons stated above, the Court hereby **GRANTS** Defendant Jackson County's Motion to Dismiss (Doc. # 4); **GRANTS** the United States' Motion to Dismiss (Doc. # 14) and **GRANTS** the State of Missouri's Motion for Leave to File Responsive Pleading Out of Time (Doc. # 24).

The Court **DENIES** Plaintiff's Motion for Default Judgment against State of Missouri (Doc. # 19) and **DENIES** plaintiff's Motion for Order of Default (Doc. # 27).

Date: March 17, 2017　　　　　　　　　　　　**S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri　　　　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　　　　United States District Judge